The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* BULLOCKS, INC. (NO. 3962)[1]

---

[1] T. D. 48330.

United States Court of Customs and Patent Appeals, April 27, 1936

*Joseph R. Jackson*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.
No appearance for appellee.

[Oral argument April 9, 1936, by Mr. Jackson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal by the Government from the judgment of the United States Customs Court, Second Division, sustaining importer's protest against the classification by the Collector of Customs at the port of Los Angeles, Calif., of certain merchandise consisting of covers used for bridge tables.

A sample of the merchandise is in evidence. It consists of a silk cloth piece approximately 36 by 36 inches in dimension, on the underside of which is sewed a lining of rubberlike material. The article is conceded to be in chief value of silk. Underneath each corner of the article and running diagonally across such corner there is stitched a strip of plain elastic material about five inches long and one-fourth of an inch wide. The strips are stitched to the cover only at the ends of such strips, the intermediate portions being left free for the obvious purpose of being drawn upon the corners of the table.

The collector classified the merchandise under paragraph 1529 (a) of the Tariff Act of 1930 which, among other things, provides for:

\* \* \* braids, loom woven and ornamented in the process of weaving, or made by hand, or on a lace, knitting, or braiding machine; and fabrics and articles embroidered \* \* \* all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished \* \* \*, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, \* \* \* 90 per centum ad valorem \* \* \*.

The claim of the importer is for classification under paragraph 1211 of said act reading:

PAR. 1211. All manufacturers, wholly or in chief value of silk, not specially provided for, 65 per centum ad valorem.

The record in the case is a meager one. The entry seems to have been made November 25, 1933. Upon one page of the invoice papers transmitted by the Collector of Customs there is found a notation in red ink, reading: "Articles c/v silk—W/elastic braid Par. 1529—90% T. D. 46645 (5)" written in connection with typewritten lines reading, "C #455—1 case Printed rubberized pongee bridge covers."

Apparently, the examination and appraisement were made December 7, 1933, and the collector liquidated December 22, 1933. The protest was filed January 22, 1934.

For some reason, not explained, the collector did not transmit the case to the Customs Court until September 26, 1934, and it was not officially filed with the latter tribunal until October 1, 1934. The "Report of the Collector" transmitting the papers to the court carried a line reading: "Description of merchandise and assessment: Embroideries @ 90%." In the meantime, however, under date of March 19, 1934—less than ninety days after the filing of the protest— the appraiser filed "Answer to Protest" in which it was said:

Merchandise under protest on the first claim is that assessed at 90%, par. 1529. This consists of all merchandise in case 455 and consists of articles of silk chief value with elastic braid. Following T. D. 46625 (5) the merchandise was advisorily classified at 90%, par. 1529.

When the case was called for trial July 10, 1935, counsel for the importer offered the sample above described in evidence and the same was admitted without objection. Then occurred the following:

Mr. GOTTFRIED [counsel for importer]. I offer to stipulate that the chief value of the merchandise is silk; and I further offer to stipulate that the merchandise was held dutiable at 90 percent under paragraph 1529 because of the so-called braid, which appears on the underneath of each corner of the article; and I further offer to stipulate that said so-called braid does not ornament or trim the cover, and is not used as a binding for its edges.

Mr. DONOHUE [counsel for the Government]. That is agreeable to the Government.

Upon the foregoing record the case was tried with the result already stated.

The trial court, pointing out that the collector is the classifying officer and that he is not bound by any acts of the appraiser, or any special reports filed by the appraiser, in performing his duty in classifying merchandise, declined to accept as binding upon it the statement in the stipulation—

that the merchandise in question was held dutiable at 90 percent under paragraph 1529 because of the so-called braid, which appears on the underneath of each corner of the article.

as against the statement in the collector's report which the court construed to mean that he classified the merchandise at 90 per centum because he considered it to be "embroideries." It was further held, in effect, that the question of whether the merchandise is in part of braid was not before the court, and upon its finding that the merchandise is not embroideries, and upon its further finding that it is in chief value of silk, the judgment of which the Government here complains was based.

Much of the brief on behalf of the Government before us is devoted to a point which, so far as we can discern, was not raised in the court

below. As has been indicated, the collector did not transmit the protest with accompanying papers to the court until approximately eight months after the protest had been filed, and it is insisted that, since he did not act upon the matter within the statutory period of ninety days, the statement in his report to the effect that the merchandise is embroideries cannot be considered a part of his decision, citing *National Hat Pin Co.* v. *United States*, 5 Ct. Cust. Appls. 435, T. D. 34971. However, there is no assignment of error which relates to this point in the appeal to this court.

It is assigned as error that the Customs Court refused to be bound by the excerpt above quoted from the stipulation, reciting that the merchandise was classified as it was, "because of the so-called braid", and there are numerous other assignments both general and specific.

Under the view which we take of the case it is not necessary to a decision that all the assignments of error shall be here determined.

We are of the opinion that the trial court erred in holding that the question of whether the merchandise is in part of braid was not before it. This we think is true whether the court was, or was not, correct in holding itself not bound by the quoted excerpt from the stipulation. The advisory classification of the appraiser as given on the invoice describes the merchandise as having elastic braid, and, whether the collector's report be considered or not, the record is sufficient to establish the fact that the merchandise was classified in his original decision under paragraph 1529 (a). The burden rested upon the importer not only to show that the collector's `classification was erroneous but that its own claim was right.

It was repeatedly held by this court in cases arising under the Tariff Act of 1922 that paragraph 1430 thereof, of which paragraph 1529 (a) of the Tariff Act of 1930 is, so far as here material, the same in effect, invaded all other parts of the act except such paragraphs as were specifically excepted. Articles in part of braid are expressly included in paragraph 1529 (a), "whether or not named, described, or provided for elsewhere in this Act." It seems to us clear, therefore, that it was incumbent upon the importer to show not only that the merchandise involved was in chief value of silk, but also that it was not in part of braid. In view of the record, it was not sufficient simply to establish that it was not embroideries. Even if this be assumed to have been established and that the presumption that the articles are embroideries was overcome, the second part of appellant's burden, that of the correctness of its own claim, was not thereby established.

What, then, is the fact as to the nature of the merchandise?

The stipulation does not stipulate as a fact that the merchandise actually is other than that its chief value is silk. This cannot be taken as negativing the contention that it is also in part of braid,

and, if it be such, then, by the language of the paragraph under which it was classified, its component material of chief value would be immaterial upon the question of classification.

No brief was filed before us on behalf of the importer, nor was there any oral argument on its behalf, and the brief on behalf of the Government fails to cite any court decisions involving "elastic braids."

In the case of *Calhoun, Robbins & Co. et al.* v. *United States*, 8 Ct. Cust. Appls. 360, T. D. 37624, this court citing several authorities, affirmed the holding of the trial tribunal that "hat elastics and elastics for making sleeve and children's garters" were classifiable under paragraph 358 of the 1913 tariff act, which read:

* * * Braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine, or lace machine, and not specially provided for * * *.

T. D. 46625, which was noted in red ink on a sheet of the invoice in this case, is found to consist of a summary of decisions of the Bureau of Customs. Paragraph (5) thereof reads:

(5) *Braid serving a utilitarian purpose.*—Following previous decisions that umbrellas with braided loops attached to the handles and card-table covers having an elastic fabric strip of braid underneath each corner were dutiable under paragraph 1430, Tariff Act of 1922, and paragraph 1529, Tariff Act of 1930, respectively, as articles in part of braid, the Bureau held that certain scapulars, in part of braid attached for purposes of utility and not ornamental in character, are dutiable as articles in part of braid at 90 percent ad valorem under paragraph 1529, Tariff Act of 1930. T. D. 43309 and T. D. 43693 cited. Bureau letter to the collector of customs, Boston, Mass., dated September 6, 1933. (32–4/1529.)

It is proper to state that T. D. 43309 and T. D. 43693 are decisions of this court respecting braids, but not elastic braids. *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. (Customs) 1, T. D. 43309; *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. (Customs) 287, T. D. 43693.

The statement above quoted from T. D. 46625 quite clearly indicates that the administrative practice under the Tariff Act of 1922, as well as the present act, was to classify articles such as those involved in the way they were classified here. There is nothing in the record before us to show how the strips were made, that is whether loom woven, or by hand, or on some machine of the kind specified in the paragraph, nor is there any showing as to the materials of which the strips are composed; neither is it shown that the strips are not in fact braid.

We cannot forbear saying that it is regrettable that the courts should have to pass upon a question of classification under a record so meager and confused as that presented in this case. The amount in dollars and cents actually involved here is apparently quite small, but it would seem that if the subject matter was regarded as important

enough to invoke litigation, a more satisfactory record should have been made.

Upon the whole we do not think it may properly be said that the importer met the burden which rested upon it, and, under the authorities cited, we feel constrained to hold that the articles, being in part of braid, are classifiable under paragraph 1529 (a).

Accordingly, the judgment of the United States Customs Court is *reversed*.